IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-69,916-01






EX PARTE MICHAEL A. RUBIO, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 20040D04632-346-1 IN THE 346TH DISTRICT COURT


FROM EL PASO COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of
manslaughter and sentenced to ten years' imprisonment. The Eighth Court of Appeals affirmed his
conviction. Rubio v. State, No. 08-04-00325-CR (Tex. App. - El Paso, pet. ref'd). 

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel failed to: (1) retain an accident reconstruction expert; and (2) ensure that the jury understood
the application of concurrent causation. Specifically, Applicant contends that an accident
reconstruction expert could have demonstrated to the jury that the collision could not have occurred
in the manner related by State's witness Christine Moreno, and could have presented evidence and
testimony in support of defensive theories that the accident could not have been prevented and that
Applicant was not criminally responsible under the application of concurrent causation. Applicant
asserts that counsel told Applicant's mother than he would hire an accident reconstruction expert,
but later he changed his mind and expressed the view that an accident reconstruction expert would
only "make the State's case for them." The current record does not show whether counsel rendered
ineffective assistance by failing to first consult with an expert before deciding not to hire an expert
or have an expert testify at trial.

 Applicant contends that counsel could have ensured that the jury understood the application
of concurrent causation by requesting a charge in the application portion of the jury charge or a
special charge on concurrent causation, or by explaining the meaning of concurrent causation during
jury voir dire or the guilt phase. Applicant points to a note that the jurors sent out during
deliberations that suggested they did not understand the operation of concurrent causation. Applicant
also asserts that counsel's failure to help the jury understand the operation of concurrent causation
resulted in prejudice because there was evidence at trial that the complainants' conduct was clearly
a cause of the collision and there was also evidence that Applicant's reckless conduct was not.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection
and court records. Id.

 It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing,
it shall determine whether Applicant is still represented by counsel and, if not, whether he is
indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall
appoint an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04.

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: June 11, 2008

Do not publish